**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melody Lachelli,<br><br>    Plaintiff,<br><br>v.<br><br>Medicare Benefits Coordination and Recovery Center,<br><br>    Defendant. | No. CV-26-00552-PHX-JAT<br><br>**ORDER** |

This case was transferred to this Court from another district. (Doc. 5). A motion to proceed in forma pauperis is pending. (Doc. 2).

In short summary, in her complaint, Plaintiff seeks from Medicare $2,463.28 in reimbursement of medical expenses arising from a car accident. (Doc. 4). The only way to bring such a claim in district court is: "The third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984). 42 U.S.C. § 405(g) states in relevant part, "Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides…." This case was transferred to this Court because Plaintiff lives in this district. (Doc. 5).

**I.  Legal Standards**

  **A.  Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when

someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

### B.     Screening – 28 U.S.C. § 1915(e)(2)

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

Because Plaintiff has moved to proceed in forma pauperis, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

## II.    Discussion

### A.     Ability to Pay

Plaintiff states that she receives $1,395.00 per month in disability payments. Plaintiff also claims she makes $1,100 per month working for DoorDash. (Doc. 2). Thus, Plaintiff receives $2,495.00 per month. Plaintiff claims her fixed expenses are

1   approximately $2,000.00 per month with the remainder going to "food, toiletries, and pet
2   care." (*Id*.). The Court finds that Plaintiff cannot pay the filing fee and continue to afford
3   life's necessities. Thus, the Court will grant the motion to proceed in forma pauperis.

**B.     Screening**

In her narrative complaint, which is 47 pages including exhibits, Plaintiff alleges that she has previously made a claim with Medicare for reimbursement of her medical expenses, but that her claim was denied. (Doc. 4 at 7). Plaintiff suggests her claim was denied because it was untimely. (*Id*.). She claims she was untimely due to misinformation. (*Id*.).

In general, Plaintiff appears to seek judicial review of the agency's decision denying her claim. This states a claim sufficient to survive screening. However, the Court allows the claim to proceed without prejudice to Defendant making any motions it deems appropriate. *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

    **IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on Defendant within the time set by Federal Rule of Civil Procedure 4(m). Plaintiff may either serve the complaint through her own means or file a motion asking for service by the U.S. Marshals. Any motion for Marshal service must be filed within 14 days of the date of this Order.

    Dated this 3rd day of February, 2026.

_____
James A. Teilborg
Senior United States District Judge